(No. 20605.— )

THE SUNLIGHT COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOSEPH C. VIANO, Defendant in Error.)

*Opinion filed April 23, 1931.*

JOHN J. SHERLOCK, and C. B. CHAPMAN, for plaintiff in error.

SMITH & HOLDERMAN, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

The Industrial Commission awarded to the defendant in error compensation at the rate of $14 per week for a period of 267-6/7 weeks and a pension for life at the rate of $25 per month, on a finding of permanent total disability. On *certiorari* the circuit court of Grundy county set

aside the award of the commission but entered an award for like amount per week for the same number of weeks but without pension. The cause is here on writ of error.

The defendant in error on February 11, 1929, was employed in mining coal for the plaintiff in error. While walking ahead of a mine car which he was taking down an incline to the face of the coal he slipped and fell on the track and as he arose was struck in the back by the car and knocked down and to one side. He testified that he rested a half to three-quarters of an hour and then went back to work and that evening went to Dr. E. V. Maxon, who examined him and told him to go back to work. About three years prior to this accident he had been injured in the back, between the shoulders, and likewise prior to the accident had had his teeth and tonsils removed. He testified that prior to the time of this injury he had had no difficulty in working and experienced no pain; that he worked some of the time after the injury but was unable to do so without pain; that a Dr. Stockdale, who died prior to this hearing, gave him opiates, or, as he characterized them, "pain pills." There is no dispute in the record that prior to his injury on February 11, 1929, defendant in error was able to do a full day's work without difficulty; that after the injury he was able to work but part time, and then experienced considerable pain in so doing, and later became unable to work at all. It was the opinion of all the physicians testifying on the subject that he was unable to work at the time of the hearing and that his condition is permanent. The testimony shows that he had an arthritic condition of the spine, which was at least in process of development before the injury on February 11. The evidence of defendant in error's physicians is that the blow on his back aggravated this arthritic condition of the spine. Plaintiff in error's physicians testified that the arthritic condition had existed for some time before the injury. The physician who examined defendant in error on the day of the injury testified that the

bruise on his back was but a slight abrasion, approximately three-fourths of an inch in size and without swelling, and that it did not contribute to the arthritic condition or aggravate it. One of the physicians testifying for plaintiff in error stated that the blow might have aggravated the arthritic condition of the spine. Under the evidence in the record the commission and circuit court were justified in finding that the present condition of defendant in error was caused, in part at least, by the injury he sustained, and the contention that the award is unsustained by evidence must be denied.

It is also argued that there is in the record no basis for fixing the weekly payments of compensation for the reason that the evidence does not disclose defendant in error's annual earnings. The record does disclose, however, by the additional abstract filed by defendant in error, that when the question of annual earnings was raised the representative of the insurance company stated that his annual earnings were "maximum," and that counsel for plaintiff in error agreed to furnish the information as to annual earnings. Although the record does not contain evidence of the annual earnings, plaintiff in error will be allowed no advantage of that fact because it was through its default that the information was not furnished. It is not contended that the award of $14 per week is not within the "maximum" earnings as admitted in the record, and this objection cannot be sustained.

It is also contended that the circuit court erred in entering an award without finding whether the injury was permanent and total. That court awarded the same weekly compensation awarded by the commission and for the same number of weeks but denied the monthly pension. This clearly results in benefit to the plaintiff in error and is not a matter of which it can complain. Defendant in error assigns no cross-errors.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*